Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50175 | **DATE** | July 19, 2010 |
| **CASE TITLE** | Marc Bickhem (#145926) v. Winnebago County Justice Center, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders the trust fund officer at the plaintiff's place of incarceration to deduct $5.00 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk is directed to send a copy of this order to the trust fund officer at the Winnebago County Justice Center. However, summonses shall not issue at this time. On the Court's own motion the Court appoints Timothy K. Whitham, Schlueter & Ecklund, 4023 Charles Street, Rockford, IL 61108 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). The complaint on file is dismissed without prejudice to appointed counsel filing an amended complaint within 60 days if the amended complaint comports with appointed counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. Status hearing before Magistrate Mahoney set for 1:30 p.m. on September 24, 2010.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

The plaintiff, a pre-trial detainee presently incarcerated at the Winnebago County Justice Center (hereinafter, "WCJC"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants were deliberately indifferent to a serious medical condition. The plaintiff also makes claims relating to the conditions of his confinement.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $5.00. The WCJC is authorized to collect monthly payments from the plaintiff's trust account in an amount equal to 20% of the preceding month's income credited to the account. 28 U.S.C. 1915(b)(2). After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The WCJC inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. On initial review of the plaintiff's complaint, it appears that he is raising misjoined claims for deliberate indifference to a serious medical condition, and claims relating to the conditions of his confinement. Plaintiff **(CONTINUED)**

alleges that he is suffering from peripheral artery disease, that his disease was mis-diagnosed as gout, and that when he had surgery for his peripheral artery disease, he received inadequate wound care, leaving his wound infected. He also alleges that the toilets where he is housed at WCJC are stopped up and that the plumbing does not function properly.

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the U.S. Court of Appeals for the Seventh Circuit examined a prisoner complaint containing a laundry list of grievances. The Court of Appeals admonished the district court for failing to "question" the plaintiff's decision to "join 24 defendants, and approximately 50 distinct claims, in a single suit." *George*, 507 F.3d at 607. In the case at bar, the plaintiff has raised claims regarding the quality of medical care he received at WCJC and Swedish American Hospital, as well as raising conditions of confinement claims regarding the plumbing and toilets at WCJC.

> As discussed in *George*,
> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees -for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George*, 507 F.3d at 607. The plaintiff is raising unrelated claims against different defendants. The plaintiff is additionally advised that the WCJC and its medical department are not suable entities. *See, e.g., Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993).

For the foregoing reasons, the plaintiff's complaint is dismissed, without prejudice. The plaintiff must choose a single, core claim to pursue under this case number. Any other claims the plaintiff may wish to prosecute must be brought in separate lawsuits.

Because of the nature of the plaintiff's allegations, the Court hereby appoints Timothy K. Whitham, Schlueter & Ecklund, 4023 Charles Street, Rockford, IL 61108 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.).

After investigation, appointed counsel should file an amended complaint within sixty days, keeping *George* and its relatedness concerns in mind, if such amendment comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. If counsel is unable to file an amended complaint, he should so inform the Court.